a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALAN VIRGIL BRUMFIELD, Plaintiff | CIVIL ACTION NO. 1:16-CV-1774-P |
| VERSUS | CHIEF JUDGE DRELL |
| LANCE MOORE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Alan Virgil Brumfield ("Brumfield"). Brumfield is a detainee at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. Brumfield alleges that his constitutional rights are being deprived by Defendants Kathryn Widhalm Cooper and Brett Brunson.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.   Background

Brumfield claims that district defender Brett Brunson appointed attorney Kathryn Widhalm Cooper to represent Brumfield in his criminal matter. Brumfield complains that Ms. Cooper withheld portions of his criminal discovery file, including contact information, an autopsy report, and a toxicology report. (Doc. 1, p. 5). Brumfield alleges that Defendants continued to "censor" favorable evidence. (Doc. 1, p. 5).

Brumfield also complains that Ms. Cooper failed to object to a continuance on a motion in limine. (Doc. 1, p. 6). Brumfield claims that Ms. Cooper has aided the district attorney's office in suppressing evidence favorable to Brumfield's defense. Brumfield further alleges that Mr. Brunson has refused to print enlargements of crime scene photographs, which are "crucial evidence" for Brumfield's defense. (Doc. 1, p. 6)

II. Law and Analysis

    A. Brumfields's complaint is subject to screening under §§ 1915(e)(2)(b) and 1915A.

Brumfield is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Brumfield's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Brumfield's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to

plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Defendants are not state actors under § 1983.

Section 1983 provides an avenue for plaintiffs to sue state actors for constitutional violations. A violation of § 1983 occurs when a person is deprived of "rights, privileges, or immunities secured by the Constitution and laws" under the "color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia." Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995). If a defendant is not acting under color of state law, there is no cognizable claim under § 1983. Id.

In Polk County v. Dodson, 454 U.S. 312, 325 (1981), the Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." While performing his duties, the public defender retains all of the essential attributes of a private attorney, including, most importantly, his "professional independence." West v. Atkins, 487 U.S. 42, 50 (U.S. 1988) (citing Polk Cnty., 454 U.S. at 321-322).

Further, a lawyer representing a client is not, by virtue of being an officer of the court, a state actor "under color of state law" within the meaning of § 1983. See Polk Cnty., 454 U.S. at 318. This is true even of cases in which a private attorney has been assigned to represent an indigent defendant. See id. at 318, n.7. Because a private attorney's role is independent from the role of the state, an attorney's conduct,

by mere representation of his or her client, is not chargeable to the state. Therefore, Defendants are not state actors subject to liability under § 1983.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Brumfield's § 1983 complaint be DENIED and DISMISSED, with prejudice, under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_\_13th\_\_ day of February, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge