UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

b

| | |
|---|---|
| ALAN VIRGIL BRUMFIELD | CIVIL ACTION 1:16-CV-01774 |
| VERSUS | JUDGE TRIMBLE |
| KATHRYN WIDHALM COOPER, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Plaintiff filed a Petition for Writ of *Coram Nobis* (Doc. 9). Because Plaintiff is still incarcerated, this Court lacks jurisdiction to rule on Brumfield's petition.

## I. Background

Alan Virgil Brumfield ("Brumfield") filed pro se civil rights complaints, *in forma pauperis*, pursuant to 42 U.S.C. § 1983 (Docs. 1, 8). The named defendants are Kathryn Widhalm Cooper ("Cooper") and Brett Brunson ("Brunson"). Both are state public defenders. Brumfield alleged he had ineffective assistance of counsel from Cooper at his criminal proceeding. Brumfield's action was dismissed as frivolous pursuant to 28 U.S.C. § 1915 (Doc. 8).

Brumfield next filed a Petition for Writ of *Coram Nobis* in his § 1983 action, again alleging he had ineffective assistance of counsel at his criminal proceeding (Doc. 9).

## II. Law and Analysis

The writ of *coram nobis* is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate his criminal conviction. See United States

v. Hatten, 167 F.3d 884, 887 n. 6 (5th Cir. 1999) (citing United States v. Castro, 26 F.3d 557 (5th Cir. 1994)).  The petitioner must be able to demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief.  See Castro, 26 F.3d at 559.

Since Brumfield was in custody when he filed his motion (and still is), the writ of *coram nobis* was not available to him.  Since the Court lacks jurisdiction to rule on Brumfield's petition, it should be dismissed without prejudice.  See United States v. Smith, 308 Fed. Appx. 842, 843 (5th Cir. 2009).

### III.  Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Brumfield's Petition for Writ of *Coram Nobis* (Doc. 9) be DENIED AND DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this __18th__ day of June, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge