UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALAN VIRGIL BRUMFIELD, Plaintiff | CIVIL ACTION NO. 1:16-CV-1774-P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| KATHRYN WIDHALM COOPER, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion for Injunctive Relief (Doc. 19) filed by *pro se* Plaintiff Alan Virgil Brumfield ("Brumfield") in a closed civil rights action filed under 42 U.S.C. § 1983. Brumfield seeks a "retraction" of the undersigned's Order (Doc. 18). Brumfield also requests that the undersigned be "removed" from the case. (Doc. 19)

Because there is no basis to vacate the Order (Doc. 18) or for the undersigned to recuse, Brumfield's Motion (Doc. 19) is DENIED.

I.  Background

The named Defendants in this case were both state public defenders. Brumfield alleged he received ineffective assistance of counsel at his state criminal proceeding. Under 28 U.S.C. § 1915, the Court dismissed Brumfield's initial § 1983 claim as frivolous. (Docs. 5, 6). Brumfield filed several motions (Docs. 7, 9, 11, 13), including one that was construed as a Motion to Amend and granted in error. (Doc. 18). Because the Amended Complaint (Doc. 17) was never properly pending before the Court, the Memorandum Order (Doc. 16) granting Brumfield's reconstrued

Motion to Amend (Doc. 13) was subsequently vacated and stricken from the record. (Doc. 18).

## II. Law and Analysis

Brumfield's Motion (Doc. 19) seeks restoration of the vacated Order (Doc. 16). Therefore, Brumfield's Motion (Doc. 19) is construed as a motion for reconsideration.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. See Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004); Cormier v. Turnkey Cleaning Servs., LLC, 295 F. Supp. 3d 717, 719 (W.D. La. 2017). Nonetheless, motions for reconsideration are generally analyzed under the standards governing motions to alter or amend under Rule 59(e) or motions for relief from judgment or order under Rule 60(b). John Hancock Life Ins. Co. v. Estate of Wheatley, 4:18-CV-2869, 2019 WL 5964524, at *4 (S.D. Tex. Nov. 12, 2019) (citing Shepherd, 372 F.3d at 328 n.1 and Hamilton v. Williams, 147 F.3d 367, 371 n.10 (5th Cir. 1998)). Such motions are "'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" Id. (quoting Templet v. Hydro Chem., Inc., 367 F.3d 472, 478 (5th Cir. 2004) and *In re* Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). Instead, motions to reconsider serve the narrow purpose of allowing "a party to correct manifest errors of law or fact or to present newly discovered evidence." Id. "'Mere disagreement with a district court's order does not warrant reconsideration of that order.'" Blue Spike, LLC v. Juniper Networks, Inc., 6:17-CV-16, 2018 WL 4261316, at

2

\*2 (E.D. Tex. May 16, 2018) (quoting J2 Glob. Comm'n., Inc. v. Protus IP Sols., Inc., No. 6:08-CV-211, 2009 WL 440525 at \*1 (E.D. Tex. Feb. 2009)).

Brumfield has not identified any errors of law or fact or newly discovered evidence to support his Motion (Doc. 19). As the undersigned stated in the vacating Order (Doc. 18), the Motion to Amend should have been mooted by the Court's Judgment of dismissal. (Doc. 18, p. 3). Because the Motion to Amend was mistakenly granted, the Amended Complaint was docketed, but the closed lawsuit remained closed. Therefore, the Amended Complaint (Doc. 17) was never properly pending before the Court. (Doc. 18, p. 4).

When the Court signed its Judgment (Doc. 14) dismissing Brumfield's claims, it implicitly rejected Brumfield's Objections and the reconstrued Motion to Amend (Doc. 13). (Doc. 18, p. 4). In fact, the Amended Complaint (Doc. 17) named the same Defendants as the original Complaint (Doc. 1), which was dismissed as frivolous because the named Defendants were not state actors. Therefore, the Amended Complaint would have been subject to dismissal on the same grounds.

Brumfield also asks that the undersigned be "removed" from the case, apparently because of his disagreement with the Order (Doc. 18). Brumfield's request should be construed as a motion to recuse.

A magistrate judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned, and:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

3

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

   (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
   (ii) Is acting as a lawyer in the proceeding;
   (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
   (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(a) and (b). Brumfield has not made any suggestion of impartiality, and the impartiality of the undersigned cannot reasonably be questioned in this case. Nor has Brumfield alleged that any of the reasons for disqualification outlined by statute are relevant. 28 U.S.C. § 455(b)(1)-(5). The enumerated causes for disqualification are not applicable, so they provide no basis for recusal.

Moreover, adverse rulings are not a viable basis for recusal. See Lavergne v. "Dateline" NBC, 6:13-CV-2118, 2014 WL 905848, at *1 (W.D. La. Mar. 7, 2014), aff'd sub nom. Lavergne v. Dateline NBC, 597 F. App'x 760 (5th Cir. 2015) (citing Liteky v. United States, 510 U.S. 540, 555 (1994)). "Almost invariably, [judicial rulings] are

4

proper grounds for appeal, not for recusal." Liteky, 510 U.S. at 555; accord United States v. Scroggins, 485 F.3d 824, 830 (5th Cir. 2007) ("The facts as stated by Scroggins do not demonstrate bias and impartiality that are personal—as distinguished from judicial—in nature."). "Accordingly, '[a]dverse judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible.'" Jones v. GEO Grp. Inc., 17-CV-788, 2018 WL 736102, at *2 (W.D. La. Feb. 5, 2018) (quoting United States v. Scroggins, 485 F.3d 824, 830 (5th Cir. 2007)).

The undersigned's rulings reflect neither extrajudicial information nor antagonism toward Brumfield in any respect. Additionally, the vacating Order (Doc. 18) was not an "adverse" ruling, as it simply clarified an error. Recusal is thus unwarranted.

### III. Conclusion

Because there is no basis to vacate or reconsider the Order (Doc. 18), or for recusal, IT IS ORDERED that Brumfield's Motion (Doc. 19) is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 4th day of December 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

5